UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHERYLL GOEDERT,

        Plaintiff,

v.

JOHN DOES 1-10,

        Defendants.

_____/

Case No.

## VERIFIED COMPLAINT

Plaintiff, Sheryll Goedert, sues Defendants, John Does 1-10, and alleges:

### Parties, Jurisdiction, and Venue

1. Plaintiff, Sheryll Goedert ("Goedert"), is an individual over 18 years of age and resides in Ocala, Florida.

2. Defendants, John Does 1-10, have not yet been identified. Therefore, their physical location is unknown, but they are believed to reside in foreign countries and to be over 18 years of age.

3. This Court has jurisdiction over the first two claims pursuant to the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1962.

4. This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367 because these claims are based on the same nucleus of common facts as the first two claims.

5. Venue is proper in this Court pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1367.

## General Allegations

6. On January 29, 2020, Plaintiff claimed the winning ticket worth $396.9 million from Florida's 13th Powerball® lottery drawing.

7. On February 5, 2020, Plaintiff formed Vacation Life, LLC to receive the lottery prize.

8. On March 10, 2020, the Florida Lottery issued a press release announcing that Plaintiff, as managing member of Vacation Life, LLC, chose to receive the winnings in a one-time, lump-sum payment of approximately $276.6 million. A true and correct copy of the press release is attached hereto as Exhibit "A."

9. After numerous media outlets covered the news of the prize, Plaintiff began receiving inquiries at her CPA firm in Ocala, Florida, from people across the United States who had received offers, allegedly from Plaintiff, to share the wealth.

10. Plaintiff enlisted a social media consultant to find users on social media, including Twitter® and Instagram®, who were impersonating Plaintiff by use of her name, image and likeness, including multiple headshot photographs.

11. Defendants are attempting to scam members of the public, either by asking for an individual's bank or credit card details to receive free money, hacking into accounts and asking for money to regain access, or some other way.

12. To perpetuate the scam, Defendants utilize a number of Twitter® handles, such as @sheryllgoedert, @sheryllgoedert6, @sherysheryll, and @sharyllgoeder15. True and correct examples of the scam on Twitter® are attached hereto as Exhibit "B."

13. Defendants also use multiple Instagram® usernames, such as Sheryll_goedert_private_page, Shery_llgoedert, Sheryllgoedert2020, and Vacation_lifellc. A

true and correct copy of the scam on Instagram® is attached hereto as Exhibit "C."

14. Plaintiff is no longer on social media and removed her profiles approximately three years ago. Upon information and belief, every user name that resembles the name of Plaintiff or her entity belongs to Defendants, other than perhaps one real person with a similar name and one out-of-state travel agency called "Vacation Life."

15. In addition to social media issues, some people receive email solicitations directly to their inbox, from email addresses that are not Plaintiff's but are intended to appear like Plaintiff's email. A true and correct copy of an email solicitation that ends in ".cl" which is the country code top-level domain for the country of Chile, and another apparently from Ireland, are attached hereto as Exhibit "D."

16. Plaintiff receives emails and voicemail messages almost every day from people warning her of the scam or advising her that they lost money. True and correct copies of such messages are attached hereto as Exhibit "E."

17. Plaintiff also receives messages from PayPal asking her to remit payment for various alleged invoices belonging to third parties. A true and correct copy of a message from PayPal is attached hereto as Exhibit "F."

18. Although total losses associated with the scam are unknown, the proliferation of accounts and variety of media used suggest that a substantial number of people are falling victim and likely enough for Defendants to broaden their reach.

19. Plaintiff has suffered damages in connection with the scam, including, but not limited to, hiring legal counsel to assist with removing the social media posts, contacting law enforcement, and otherwise responding to the issues caused by Defendants.

20. Plaintiff has submitted takedown requests with the social media platforms and

reported the issues with local law enforcement, Offices of the State Attorney, the Florida Lottery Division of Security, and the Federal Bureau of Investigation, but the scams are continuing.

21. Plaintiff has retained the law firms of Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A. and Blanchard, Merriam, Adel, Kirkland & Green to bring this action and is obligated to pay said firms a reasonable fee for their services.

22. All conditions precedent to the relief demanded herein have been performed or have occurred or been waived.

## COUNT I
## RICO – 18 U.S.C. § 1962(c)

23. Goedert realleges and incorporates herein paragraphs 1 through 22 above.

24. At all relevant times, Defendants are and were an "enterprise" as defined in 18 U.S.C. § 1961(4), that engaged in, and their activities affected, interstate and foreign commerce.

25. As alleged above, Defendants have conducted and participated in a continuous pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

26. The fraudulent activity of Defendants was conducted through an enterprise and poses a threat of continuation.

27. Through the scheme to defraud, Defendants have received profit and have damaged Goedert through, among other things, causing her to retain legal counsel, expend funds attempting to remedy the identify theft, and damaging her business operations.

28. Pursuant to 18 U.S.C. § 1964(c), Goedert is entitled to recover treble damages, costs, and attorneys' fees.

29. Pursuant to 18 U.S.C. § 1964(a), Goedert is entitled to an injunction preventing Defendants from committing future violations 18 U.S.C. § 1962.

30. By using internet facilities operating in interstate or foreign commerce, Defendants committed multiple acts of wire fraud in violation of 18 U.S.C. § 1343.

31. Defendants' communications soliciting sensitive information were delivered in interstate and foreign commerce wither through the mail or by wire transmissions over the internet. By causing them to be transported in interstate and foreign commerce under false pretenses, Defendants committed multiple violations of 18 U.S.C. §§ 2314 and 2315. All communications from Defendants came from outside the United States.

32. The use of the mail and interstate and foregoing wire facilities in furtherance of the scheme to defraud, and the transportation and receipt of stolen property in interstate and foreign commerce, constitute multiple "predicate acts" of racketeering, and collectively are a "pattern of racketeering activity" as those terms are defined in 18 U.S.C. §§ 1961(1).

33. Defendants' actions are ongoing and continuing.

34. Goedert has suffered and continues to suffer irreparable harm through Defendants' actions because such actions cannot be undone through monetary remedies. The future injury to Goedert and others through Defendants' scheme outweighs whatever damage the proposed injunction may cause Defendants.

35. Goedert has no adequate remedy at law as damages will not fully address the harm Goedert suffers if Defendants are permitted to continue with their activity. The public interest will not be harmed if an injunction should issue because Defendants are engaged in illegal activity intended to harm the public.

O2889856.v2

## COUNT II
## RICO – 18 U.S.C. § 1962(d)

36. Goedert realleges and incorporates herein paragraphs 1 through 22 and 24 through 35 above.

37. Defendants have manifested an agreement to participate in the fraudulent scheme to commit fraud, and have therefore violated 18 U.S.C. § 1962(c). Accordingly, Defendants have violated 18 U.S.C. § 1962(d).

38. Pursuant to the foregoing conspiracy, Goedert has suffered injury to her business and property.

39. Pursuant to 18 U.S.C. § 1964(c), Goedert is entitled to recover treble damages, costs, and attorneys' fees.

40. Pursuant to 18 U.S.C. § 1964(a), Goedert is entitled to an injunction preventing Defendants from committing future violations of 18 U.S.C. § 1962.

## COUNT III
## Florida RICO

41. Goedert realleges and incorporates herein paragraphs 1 through 22 and 24 through 35 above.

42. This is a claim for violations of the Florida Civil Remedies for Criminal Practices Act, Chapter 772, *Florida Statutes*, and the Florida RICO (Racketeer Influenced and Corrupt Organization) Act, Chapter 895, *Florida Statutes*.

43. Defendants have participated in an enterprise through a pattern of criminal and racketeering activity in violation of §§ 772.103 and 895.03, *Florida Statutes*.

44. Defendants are a group of persons associated together in fact for the common purpose of carrying out an ongoing criminal enterprise.

45. At all times, Defendants knew that any proceeds they obtained through their fraudulent scheme were obtained through wrongful criminal conduct.

46. Defendants committed numerous criminal predicate acts in Florida, which violate 18 U.S.C. §§ 1341 and 1343.

47. Defendants' actions constitute a "pattern of criminal activity" within the meaning of § 772.102(4) and in violation of § 772.103(3), *Florida Statutes*. The incidents of criminal activity had the same or similar intents, results, accomplices, victims, or methods of commission or were otherwise interrelated by distinguishing characteristics and were not otherwise isolated incidents.

48. Defendants' actions constitute a "pattern of racketeering activity" within the meaning of § 895.02(4) and in violation of § 895.03(3), *Florida Statutes*. The incidents of racketeering conduct had the same or similar intents, results, accomplices, victims, or methods of commission or were otherwise interrelated by distinguishing characteristics and were not otherwise isolated incidents.

49. Defendants have committed a substantial number of related incidents of criminal activity and racketeering conduct over an extended period of time and the acts will continue unless and until Defendants are prevented from committing such acts.

50. Goedert was, and continues to be, injured by Defendants' violations of §§ 772.103 and 895.03, *Florida Statutes*.

51. Goedert's injuries were a direct, proximate, and reasonably foreseeable result of the violations of §§ 772.103 and 895.03, *Florida Statutes*.

52. Pursuant to §§ 772.104(1), *Florida Statutes*, Goedert is entitled to recover treble damages plus costs and attorneys' fees from Defendants.

53. Pursuant to §§ 895.05(1) and 895.05(6), *Florida Statutes*, Goedert is entitled to an injunction preventing Defendants from committing future violations of § 895.03.

## COUNT IV
### Florida RICO – Conspiracy

54. Goedert realleges and incorporates herein paragraphs 1 through 22 through 24 through 35 above.

55. Defendants violated §§ 772.103(4) and 895.03(4), *Florida Statutes*, by conspiring to violate of §§ 772.103(3) and 895.03(3), *Florida Statutes*, respectively.

56. Through Defendants' scheme, they have agreed to accomplish an unlawful plan to engage in a pattern of criminal and racketeering activity.

57. Goedert was, and continues to be, injured by Defendants' violations of §§ 772.103 and 895.03, *Florida Statutes*.

58. Goedert's injuries were a direct, proximate, and reasonably foreseeable result of the violations of §§ 772.103 and 895.03, *Florida Statutes*.

59. Pursuant to §§ 772.104(1), *Florida Statutes*, Goedert is entitled to recover treble damages plus costs and attorneys' fees from Defendants.

60. Pursuant to §§ 895.05(1) and 895.05(6), *Florida Statutes*, Goedert is entitled to an injunction preventing Defendants from committing future violations of § 895.03.

## COUNT V
### Invasion of Privacy - Appropriation

61. Goedert realleges and incorporates herein paragraphs 1 through 22 above.

62. This is a claim under common law for invasion of privacy through wrongful appropriation.

O2889856.v2

63. Defendants have, without authorization, used Goedert's name and likeness to obtain benefit.

64. Pursuant to Defendants' actions, Goedert has suffered injury to her business and property and severe emotional distress.

## COUNT VI
## Fraud

65. Goedert realleges and incorporates herein paragraphs 1 through 22 above.

66. This is a claim for common law fraud.

67. Defendants have made false statements concerning material facts through their repeated misappropriation of Goedert's name and likeness.

68. Defendants knew the statements were false.

69. Defendants intended to deceive and induce members of the public by making the false statements.

70. Members of the public have detrimentally relied upon the false statements which have caused injury to them and to Goedert.

## Prayer for Relief

Plaintiff requests the Court enter a final judgment against Defendants, jointly and severally, for:

Counts I and II

    a) treble damages, pre-judgment and post-judgment interest, costs, attorneys' fees;

    b) disgorgement;

    c) an accounting;

    d) an injunction against Defendants restraining them from any action in furtherance of the scheme described in this Complaint, including, but not limited to, the use of Goedert's name or likeness, and freezing all assets of Defendants obtained through the scheme;

Counts III and IV

    e) treble damages, pre-judgment and post-judgment interest, costs, attorneys' fees;

    f) an injunction against Defendants restraining them from any action in furtherance of the scheme described in this Complaint, including, but not limited to, the use of Goedert's name or likeness, and freezing all assets of Defendants obtained through the scheme;

Counts V and VI

    g) damages, pre-judgment and post-judgment interest, and costs;

All Counts

    h) Such other legal and equitable relief as this Court may deem just and proper.

DATED this 8th day of July, 2020.

        /s/ *David P. Hathaway*
        DAVID P. HATHAWAY
        Florida Bar No. 491411
        TIM W. SOBCZAK
        Florida Bar No. 84707
        Dean, Mead, Egerton, Bloodworth,
         Capouano & Bozarth, P.A.
        P.O. Box 2346
        Orlando, Florida 32802-2346
        (407) 841-1200
        dhathaway@deanmead.com

tsobczak@deanmead.com
smarshall@deanmead.com
kgovin@deanmead.com
Attorneys for Plaintiff

and

/s/ Edwin A. Green, III
EDWIN A. GREEN, III
Florida Bar No. 606111
Blanchard, Merriam, Adel, Kirkland
 & Green, P.A.
P.O. Box 1869
Ocala, Florida 34478
(352) 732-7218
tgreen@bmaklaw.com
lcaldwell@bmaklaw.com
Attorneys for Plaintiff

## VERIFICATION

The undersigned declares under penalty of perjury that the factual allegations set forth in the foregoing Verified Complaint are true and correct.

Sheryll Goeden

O2889856.v2

11