UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHERYLL GOEDERT,

          Plaintiff,

v.

JOHN DOES 1-10,

          Defendants.
_____/

Case No. 5:20-cv-00306

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL NON-PARTY SUBPOENAS PRIOR TO RULE 26(f) CONFERENCE AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, Sheryll Goedert, pursuant to Federal Rule of Civil Procedure 26(d)(1), moves for leave to take further discovery prior to the case management conference required by Rule 26(f), and states:

**I. Brief History**

On July 8, 2020, Plaintiff filed her initial Motion for Leave to Serve Non-Party Subpoenas Prior to Rule 26(f) Conference and Supporting Memorandum of Law (Doc. 2), which sought leave to serve subpoenas on Twitter, Inc. ("Twitter"), Facebook, Inc. ("Facebook"), and Instagram, Inc. ("Instagram"). On July 13, 2020, the Court granted the motion and allowed the subpoenas. (Doc. 5). Plaintiff then sought leave to amend her subpoenas to Facebook and Twitter, which requests were granted, and documents now have been received from Facebook, Twitter and Instagram. On August 7, 2020, Plaintiff moved to issue a subpoena on LinkedIn Corporation (Doc. 7), and after approval by the Court and service of the subpoena, those documents have been received as well.

Plaintiff has identified two other web-based applications being used to perpetuate the scam that led to the filing of the Complaint. Tiktok, Inc. ("Tiktok") and Google ("Google") appear to have users impersonating Plaintiff an attempt to lure members of the public into providing their financial information to supposedly receive free lottery money. True and correct copies of examples from Tiktok are attached hereto as <u>Exhibit "A"</u>. True and correct copies of examples using Google are attached hereto as <u>Exhibit "B"</u>. As a result of the foregoing, and to further gather evidence to help identify the perpetrators, Plaintiff requests leave of court to serve the subpoenas attached hereto as <u>Composite Exhibit "1"</u>.

## II. Memorandum of Law

### A. *General Standard for Discovery of User-Identifying Information*

Discovery under Rule 26 is intended to be broad. *See Johnson v. Aaron Rents, Inc.*, No. 608CV661ORL19DAB, 2009 WL 10669773, at *1 (M.D. Fla. May 28, 2009). A party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). While the contents of a communication located on a social media site may be protected from disclosure pursuant to the Stored Communications Act, information identifying the user is not. *See In re Zynga Privacy Litig.*, 750 F.3d 1098, 1107 (9th Cir. 2014).

### B. *Standard for Expedited Discovery*

Pursuant to Rule 26(d), courts may authorize discovery in advance of a Rule 26(f) conference for the convenience of the parties and witnesses and in the interests of justice. Courts generally apply a good cause standard to determine whether expedited discovery

is appropriate. *See World Digital Rights, Inc. v. Does 1-80*, 2012 WL 1623871 (May 9, 2012, M.D. Fla.). Good cause exists where the need for the expedited discovery outweighs prejudice to the responding party. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Further, good cause exists where the expedited discovery furthers the interest of justice and presents minimal inconvenience to the internet service provider. *New Sensations, Inc. v. Does 1-1474*, No. C-11 2770 MEJ, 2011 WL 440722, at *4 (N.D. Cal. Sept. 22, 2011).

Courts have found good cause to allow expedited discovery to identify Doe defendants. *See Voltage Pictures, LLC, v. Doe 4*, 2013 WL 3422970 (July 8, 2013, M.D. Fla.); *Patrick Collins, Inc. v. Does 1-43*, 2012 WL 4513063 (Oct. 1, 2012, M.D. Fla.); *World Digital Rights, Inc. v. Does 1-80*, 2012 WL 1623871 (May 9, 2012, M.D. Fla.). In similar cases involving claims for copyright infringement and requests for subscriber information from an internet service provider, courts look for:

> (1) a prima facie showing of infringement, (2) there is no other way to identify the Doe Defendant, and (3) there is a risk an ISP will destroy its logs prior to the conference. In addition, some courts also analyze a defendant's First Amendment right to privacy in determining whether to allow the discovery. In these cases, courts require Plaintiff to (4) specify the discovery requested, (5) demonstrate a central need for the subpoenaed information to advance the asserted claims, and (6) establish that the party's expectation of privacy does not outweigh the need for the requested discovery.

*Patrick Collins, Inc. v. Does 1-31*, No. 2:12-CV-402-FTM-99, 2012 WL 3745780, at *1 (M.D. Fla. Aug. 28, 2012) (citation omitted). In this case, all six of the factors weigh in favor of finding good cause, particularly where the scam is so egregious and can be found by searching for Plaintiff's name or the lottery winnings. Furthermore, it is in the public

interest to help identify the perpetrators and heighten the alert for the subpoenaed parties.

### C. Good Cause Exists for Expedited Discovery

As set forth below, all six factors named above weigh in favor of Plaintiff establishing good cause for expedited discovery.

#### 1. Prima Facie Showing of RICO Violations, Invasion of Privacy, and Fraud

Plaintiff has made a prima facie showing of RICO violations under federal law and Florida law and claims for invasion of privacy and fraud. The elements of a civil RICO claim are: "(1) a violation of section 1962; (2) injury to business or property; and (3) that the violation caused the injury." *Bill Buck Chevrolet, Inc. v. GTE Fla., Inc.*, 54 F. Supp. 2d 1127, 1132 (M.D. Fla. 1999), *aff'd,* 216 F.3d 1092 (11th Cir. 2000); *see also Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1264 (11th Cir. 2004) (applying federal analysis to state RICO claims because Florida courts often look to the federal RICO decisions for guidance and interpretation). Invasion of privacy (appropriation) occurs when one uses another's name or likeness to obtain some benefit without authorization. *See Allstate Ins. Co. v. Ginsberg*, 863 So. 2d 156, 162 (Fla. 2003). The essential elements of a fraud claim are: (1) a false statement concerning a specific material fact; (2) the maker's knowledge that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation. *Smith v. Bruste*r, 151 So. 3d 511, 514 n. 1 (Fla. 4th DCA 2014). Each element has been pled and is supported by the verified allegations stated in the Complaint.

    2.    <u>There is No Other Way to Identify Defendants</u>

As alleged in the Complaint, Defendants are using false identities to post on the social media sites. There may be no way for Plaintiff to obtain Defendants' identities unless the subpoenaed parties provide the appropriate information in their possession.

    3.    <u>There is a Risk of Lost Information</u>

There is a risk Defendants may delete their user accounts and thereby permanently delete identifying information. Even if that were not the case, leave to serve the subpoena is still necessary because Plaintiff cannot proceed with the case management conference until Defendants are identified.

    4.    <u>Discovery Requested</u>

The proposed subpoenas are attached as **Composite Exhibit "1."** The proposed subpoenas seek the following information intended to ascertain Defendants' identities: "All basic subscriber information, not including the content of their posted communications, to identify the users associated with the following user names or profiles ("Profiles"), including the IP address, name, address, telephone number and email address for each."

    5.    <u>Need for Information to Advance the Claims</u>

It is impossible to advance the claims stated in the Complaint unless Defendants' identities are known. Without them, Plaintiff cannot serve Defendants and obtain personal jurisdiction.

    6.    <u>Expectation of Privacy</u>

Defendants cannot have a legitimate privacy interest in their identifying

information because they have communicated it to third parties. *See Smith v. Maryland*, 442 U.S. 735, 743-44 (1979); *U.S. v. Miller*, 425 U.S. 435, 442-43 (1976); *Couch v. U.S.*, 409 U.S. 322, 335-36 (1973); *Guest v. Leis*, 255 F. 3d 325, 336 (6th Cir. 2001). Further, Defendants cannot have a legitimate privacy interest because they have utilized the sites to commit wrongful, tortious actions. *See Interscope Records v. Does 1-14*, 558 F. Supp. 2d 1176, 1178 (D. Kan. 2008) (compelling disclosure of identifying information because defendants used internet for copyright infringement); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 563 (S.D.N.Y. 2004) ("Parties may not use the First Amendment to encroach upon the intellectual property rights of others."). Finally, most social media have Terms of Service informing all users that they will provide basic subscriber information when requested.

WHEREFORE, Plaintiff, Sheryll Goedert, requests leave to take discovery prior to the case management conference and to serve subpoenas on Tiktok and Google as described above.

Dated: November 24, 2020.

/s/ *David P. Hathaway*
DAVID P. HATHAWAY
Florida Bar No. 491411
TIM W. SOBCZAK
Florida Bar No. 84707
Dean, Mead, Egerton, Bloodworth,
 Capouano & Bozarth, P.A.
P.O. Box 2346
Orlando, Florida 32802-2346
(407) 841-1200
dhathaway@deanmead.com
tsobczak@deanmead.com
smarshall@deanmead.com

        kgovin@deanmead.com
        Attorneys for Plaintiff

and

/s/ *Edwin A. Green, III*
EDWIN A. GREEN, III
Florida Bar No. 606111
Blanchard, Merriam, Adel, Kirkland
 & Green, P.A.
P.O. Box 1869
Ocala, Florida 34478
(352) 732-7218
tgreen@bmaklaw.com
lcaldwell@bmaklaw.com
Attorneys for Plaintiff

7

## EXHIBIT A



8

EXHIBIT B



O3079343.v1





**From:** email.updates77@gmail.com
**Date:** November 11, 2020 at 4:30:18 PM CST
**To:** sfs50@me.com
**Subject: From Sheryll Goedert - A Private Donation to You**
**Reply-To:** email.updates77@gmail.com

## Google Forms

Greetings to You,

Following my mega jackpot winning of $396.9 million on March 10, 2020, I have since decided to use a part of the winning to assist a few people in these trying times by making some charitable contributions to humanity. I am glad to inform you that you have been chosen to benefit from my private donations aimed at touching lives as God has blesse donation of Two Million Dollars is to enable you to strengthen your personal issues and generously extend a hand of help to the less privileged and charity organizations around you.

Forward your message of acceptance to: contact@sheryllgoedertcharityfdn.com

Best Regards.
Sheryll Goedert

https://www.news-press.com/story/news/local/2020/03/10/ocala-cpa-wins-396-9-million-powerball-drawing/5015905002/
Untitled form
**FILL OUT FORM**
Create your own Google Form

11

O3079343.v1

# COMPOSITE EXHIBIT "1"

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| SHERYLL GOEDERT, )<br>*Plaintiff* )<br>v. )<br>JOHN DOE 1-10, )<br>*Defendant* ) | Civil Action No. 5:20-cv-306-Oc-30PRL |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: TikTok, Inc. c/o Corporation Service Company, Registered Agent
1201 Hays Street, Tallahassee, Florida 32301-2525

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE EXHIBIT "A"

| Place: U.S. LEGAL SUPPORT, 11845 West Olympic Blvd., Suite 600W Los Angeles, CA 90064 | Date and Time: 01/08/2021 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/24/2020

*CLERK OF COURT*

OR

_____        /s/ David P. Hathaway
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Sheryll Goedert
_____, who issues or requests this subpoena, are:
David P. Hathaway, Esq. (dhathaway@deanmead.com), Dean Mead, 420 S. Orange Ave., Suite 700, Orlando, FL 32801 (407) 841-1200

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:20-cv-306-Oc-30PRL

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# EXHIBIT "A"

1. All basic subscriber information, not including the content of their posted communications, to identify the users associated with the following user names or profiles ("Profiles"), including the IP address, name, address, telephone number and email address for each:

a) sheryll_goedert.1
b) sheryll_goedert
c) sheryllgoedert
d) sheryllgoedert101
e) sheryllgoedert1
f) sheryllgoedert4555
g) sheryllgoedert481
h) any other Profile using a name similar to "Sheryll Goedert" or "Vacation Life" that offers free lottery money

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| Sheryll Goedert, <br> *Plaintiff* <br> v. <br> John Doe 1-10, <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 5:20-cv-306-Oc-30PRL |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Google, LLC c/o Corporation Service Company, Registered Agent
1201 Hays Street, Tallahassee, Florida 32301-2525

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE EXHIBIT "A"

| Place: U.S. Legal Support, 201 Mission St., Suite 600, San Francisco, CA 94105 | Date and Time: 01/08/2021 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/24/2020

*CLERK OF COURT*

OR

_____        /s/ David P. Hathaway
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Sheryll Goedert
_____, who issues or requests this subpoena, are:
David P. Hathaway, Esq. (dhathaway@deanmead.com), 420 S. Orange Ave., Ste. 700, Orlando, FL 32801
(407) 841-1200

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:20-cv-306-Oc-30PRL

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# EXHIBIT "A"

1. All basic subscriber information, not including the content of their communications, to identify the users associated with the following email addresses, including the IP address, name, address, telephone number and subscriber email address for each:

   a) Sherryllgoedert02@gmail.com
   b) Sherryllgoedert12@gmail.com
   c) sherryllgoedert459@gmail.com
   d) tommyrick1092@gmail.com
   e) tayebsouamicharityproject@gmail.com
   f) email.updates77@gmail.com
   g) sherryllgoedert.charfoundation@gmail.com
   h) shery.gtl131@gmail.com
   i) sheryllgoedertt@gmail.com
   j) mycharityfoundationproject@gmail.com
   k) sheryllgoedertdonations2020@gmail.com
   l) sgoedert12@gmail.com
   m) cindyhity80@gmail.com
   n) noraforuu45@gmail.com
   o) ifedioraalbert@gmail.com
   p) attorneyfrank79@gmail.com
   q) russemith@gmail.com
   r) rayfieldrobyn4@gmail.com
   s) sheryllgoedert010@gmail.com
   t) brantleybryant64@gmail.com
   u) carliam73@gmail.com
   v) deiterwalter10@gmail.com
   w) lutzrichardj@gmail.com
   x) ismailadedayo11@gmail.com
   y) jaquanwilliams2020@gmail.com

O3085006.v1